UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SILVIA JOYCE JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-00520 (UNA) |
| DAVID B. SMITH PLLC, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint.

Plaintiff, who lives in in the District of Columbia, sues a criminal defense firm located in Alexandria, Virginia. The complaint, and its supplement, ECF No. 3, are mostly incomprehensible, containing a hodgepodge of vague and unconnected sentence fragments. The complaint mentions money and "songs" stolen from an "SSI bank account," her previous conviction and incarceration for "SSI fraud," and attempts to kill her. She closes by stating that [sic] "to tack the White House in robbery song a song at the capital" and the remainder cannot be made out. It is unclear what these *non-sequiturs* have to do with the named defendant, if anything. No additional facts, context, or legal authority is cited, and the relief sought is not specified.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).  The instant complaint falls within this category.  As presented, neither the court nor the defendants can reasonably be expected to identify plaintiff's claims, and plaintiff has failed to establish this court's jurisdiction over any intended claims.

    For all of these reasons, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: April 13, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge